# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA DETTLOFF, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 5700 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| CAROLYN W. COLVIN[1], Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's counsel has moved for approval of attorney's fees to be paid to him out of the plaintiff's past-due benefits pursuant to 42 U.S.C. §406(b). On remand from this court, an Administrative Law Judge for the Social Security Administration determined that plaintiff was disabled and entitled to benefits, including $71,449.00 in past-due benefits. Plaintiff and her counsel had a contingency fee agreement whereby she would pay counsel 25% of any such award which, in this case, would come to $17,862.25. Because of some concerns with the motion – most likely minor concerns that can be easily remedied, but concerns nevertheless – the motion is denied without prejudice.

> The main problem is that the wording of the motion is a little confusing. Counsel writes that:
> While the undersigned did represent at the administrative level, counsel *has not received 406(a) fees* due to an error on the part of the processing center. *Therefore* the undersigned counsel seeks approval by the Court *to charge* the plaintiff fees in the amount of $17,862.25.

[Dkt. #38, ¶6 (emphasis supplied)]. Counsel attaches the Notice of Award the Social Security

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

Administration sent plaintiff, in which the agency informs plaintiff that it is withholding $17,826.25 from your past due benefits in case we need to pay your representative. [Dkt. # 38-1, at 2]. Perhaps the "therefore" is meant to indicate that, because counsel didn't receive his §406(a), there is nothing to count against the 25% allowable under §406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793-94 (2002)( § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court). But the fact that counsel writes that he is seeking to *charge* his client rather than effect the release of funds from the agency gives us pause. If counsel means that the as a result of an error, the agency failed to withhold the 25% fee and sent the full amount to the plaintiff, counsel's remedy is against his client in a separate proceeding. That's probably not the case, but we cannot tell from the way counsel has drafted his motion. As such, we cannot grant the motion as written. It will have to be refiled, and an explanation provided.

Another point that makes us hesitant is the fact that these motions often come with the *imprimatur* of the agency; a statement in the motion indicating that the government has no objection to the amount of fees sought in the motion. This one does not. Clearly, counsel has not consulted with the agency before filing his fee petition; a consultation that is required under the local rules. N.D.Ill. L.R. 54.3. Parties to Social Security disability cases generally ignore the local rule at the §406(b) stage (and often at the EAJA stage), explaining that it should not apply because they are not truly adversaries. It is true that, at this point in the proceedings, the agency serves as a kind of trustee for the plaintiff, *Gisbrecht*, 535 U.S. at 798 n.6, but the absence of a statement that the agency has no objection to the fee requested can be a red flag. Counsel might want to address this, as well, upon refiling.

One final point. Under *Gisbrecht*, the court is to review a fee request to determine if it is

2

reasonable. The lodestar method does not rule the day in this contingent fee case, but counsel is certainly cognizant of the fact that his rate for this case comes to just over $622 per hour, and focuses much of his presentation regarding the amount he is seeking on justifying what is admittedly an extremely high hourly rate. To that end, he assembles a number of cases in which he claims similarly exorbitant rates were approved, but in nearly all the cases from this area, the hourly rates approved do not approach what counsel is seeking here. *See Salyer v. Astrue*, 2009 WL 3200388 (N.D.Ind. 2009)($12,454 for 44.7 hours work– ); *Santino v. Astrue*, 2009 WL 1076143 (N.D.Ind. 2008)($15,855 overall and $180 per hour); *Carradine v.Astrue*, 2008 WL 4776390 (N.D.Ill. 2008)($26,193.75 overall and $226 per hour). Only in *Rasmussen v. Colvin*, 2013 WL 4537316 (N.D.Ill. 2013) did the court approve anything along the lines of what counsel seeks here. And, in that case, the court approved an argument regarding the effective rate in contingency cases that we are not so convinced of here.

Counsel claims – twice – that the $622 hourly rate is tempered by the fact that only about 35% of disability claims taken to federal district court result in a grant of benefits for the claimant. [Dkt. #38, ¶¶10, 11]. When this risk is factored in, says counsel, the effective rate is much less than the $622 an hour he is seeking. Counsel doesn't pull these statistics out of thin air; he cites a Seventh Circuit case, *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011), where Judge Posner refers to these numbers.

What counsel misses from that case, however, is what Judge Posner said right after he quoted the district court statistics: "And that is apart from reversals by the courts of appeals of district courts' affirmances of denials of benefits, as in two of the three cases we decide today." 630 F.3d at 695. The Seventh Circuit is a rather hospitable venue for Social Security claimants and their counsel,

3

especially in the last couple of years. In fact, from the start of 2014 through May 2015, in cases where the claimant is represented by counsel, the Seventh Circuit has been reversing affirmances of denials of benefits at around a 69% clip. That's even better than the "two of three cases" Judge Posner spoke of in *Martinez*. Even if one goes back to 2010, the rate is still 55% – not even as risky as a coin flip. As Judge Posner put it recently, speaking about himself and his colleagues on the Seventh Circuit, "we hear a lot of appeals, and we reverse a lot." http://www.chicagolawbulletin.com/Archives/2015/03/23/ALJ-benefits-3-23-15.aspx.

The upshot of this is that the point counsel is trying to make about his contingency rate is not a terribly strong one. There isn't really as much risk involved as he contends even though some courts have been persuaded by his "effective rate" argument. *See Rasmussen*, 2013 WL 4537316, 3; *Ittel v. Colvin*, 2014 WL 4905638, 2 (N.D.Ind. 2014); *Tubbs v. Colvin*, 2015 WL 631474, 2 (N.D.Ind. 2015). While it is true that counsel may lose 65 of 100 cases at the district court level, but he goes on to win 35 to 44 of those 65 in the Seventh Circuit. So his effective rate is not $217 an hour as his 35% figure would suggest, it's closer to twice that. And that's the figure counsel should address in refiling if he really wants to make his case based on effective rates, because that seems like quite a bit for a brief in a run-of-the-mill disability case and a stipulated remand.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for approval of fees [Dkt. #38] is DENIED without prejudice to its refiling in accordance with this opinion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/27/15